**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **BRANDON THOMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Cause No. 1:15-cv-1930-WTL-DML** |
| **MIDCONTINENT INDEPENDENT SYSTEM OPERATOR, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ENTRY ON PENDING MOTIONS**

This cause is before the Court on the Defendant's Motion to Dismiss or in the alternative, Motion for More Definite Statement (Dkt. No. 10) and the Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. No. 28). The Court, being duly advised, **GRANTS** the latter motion.[1] **The Clerk is directed to docket the proposed Amended Complaint found at Docket No. 28-1.** The Court **GRANTS IN PART AND DENIES IN PART** the former motion, as applied to the Amended Complaint, to the extent and for the reasons set forth below.

The first issue before the Court is whether the Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v.*

[1]With regard to the motion to amend, the Defendant's only objection is that the proposed amendment would be futile because it does not correct the deficiencies in the original complaint as identified by the Defendant. Accordingly, the most efficient course of action is to permit the proposed amendment and then determine whether the Amended Complaint is subject to dismissal for any of the reasons urged by the Defendant.

*Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012) (citing *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011)). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The bar for adequately pleading an employment discrimination claim has been set quite low by the Seventh Circuit. For example, "a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his] sex." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)) (acknowledging the "unresolved tension between *Swierkiewicz* [*v. Sorema N.A.*, 534 U.S. 506, 511 (2002)] and the Court's later decisions in *Twombly* and [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]" and holding that it is the court's "duty to [nonetheless] apply the Supreme Court's precedents unless and until the Supreme Court itself overrules them").

In this case, Count I of Plaintiff's Amended Complaint alleges that the Defendant "failed to provide accommodations and discriminated against [the Plaintiff] with respect to his terms, conditions, and privileges of employment because of his disabilities, because of his sex, and interfered with his FMLA leave, which are violations of Title 42, United States Code, Sections

1981,[2] 2000e-2 and related sections, Title 42, United States Code, Section 12101 and related sections, and Title 29, United States Code, Section 2601 and related sections." Amended Complaint at ¶ 93. The previous paragraphs in the Amended Complaint outline a series of actions allegedly taken against the Plaintiff that culminated in his termination. Therefore, the Plaintiff adequately—although barely—has stated a claim of sex discrimination under Title VII by alleging that he was terminated because of his sex. Similarly, the Plaintiff identifies his disabilities as hearing loss, multiple surgeries on both ears, ruptured appendix, and complications from surgery and infection, alleges that his job performance was good, and alleges that he was terminated because of his disability. This adequately—although again, just barely—states a claim for disability discrimination under the Americans with Disabilities Act. Finally, the Plaintiff alleges that he "complained to the H.R. Manager that he was having anxiety and he needed to take FMLA time off of work" and the H.R. Manager told him "that he needed to go back to work." Amended Complaint ¶ 41-42. Those allegations again satisfy the minimal pleading requirements for interference with FMLA leave.

In Count II of his Amended Complaint, the Plaintiff alleges that the Defendant "intentionally discriminated against Plaintiff Brandon Thompson with respect to his terms, conditions, and privileges of employment because he had opposed discrimination and taken FMLA leave, which are violations of Title 42, United States Code, Sections 1981, 2000e-3 and related sections, Title 42, United States Code, Section 12101 and related sections, and Title 29, United States Code, Section 2601 and related sections." This is sufficient to state a claim for

---

[2] It is entirely unclear why the Plaintiff cites to § 1981, inasmuch as he does not allege discrimination based upon his "ancestry or ethnic characteristics," which is what § 1981 protects against. *Lubavitch-Chabard of Ill., Inc. v. Northwestern Univ.*, 772 F.3d 443, 447 (7th Cir. 2014).

retaliation based upon the Plaintiff taking FMLA leave, as his Amended Complaint, read as a whole, asserts that he took FMLA leave and when he returned he experienced various forms of allegedly discriminatory treatment that culminated in his termination. *Cf. Hatcher v. Bd. of Trustees of S. Illinois Univ.*, ____ F. 3d. ____, 2016 WL 3770555 at *4 (7th Cir. July 14, 2016), *reh'g and suggestion for reh'g en banc denied* (Aug. 17, 2016) (holding that similar complaint "could have more clearly incorporated the . . . factual allegations" but was not "so poorly drafted" that the defendant did not receive notice of the claim against it). He also alleges that he was further retaliated against after complaining of this retaliation. Therefore, the Amended Complaint, as a whole, is not subject to dismissal for failure to state a claim.

That said, while the Plaintiff asserts in Count II that he was retaliated against for "opposing discrimination," to the extent that he is referring to some type of discrimination other than that related to the fact that he took FMLA leave and complained about the resulting discrimination, the Amended Complaint does not contain any facts that support such a claim. Further, while Count I refers to failure to provide accommodations, it is not clear from the Amended Complaint what accommodations for his alleged disabilities that the Plaintiff sought. In addition, both counts refer to § 1981, when the Plaintiff has not asserted any claim that would be cognizable under that statute.

Given the sloppiness of the Amended Complaint, the Court finds that this is one of the rare instances in which requiring the Plaintiff to provide a more definite statement in order to clear up the ambiguities in his pleading is appropriate. Accordingly, the Defendant's alternate motion for more definite statement is **GRANTED**. The Plaintiff shall file a second amended complaint **within 14 days of the date of this Entry**. The second amended complaint shall set forth each of the Plaintiff's claims in a separate count (discrimination based on sex,

discrimination based on disability, retaliation based on taking FMLA leave, etc.) and each count shall include the adverse action(s) that he alleges he was subjected to by the Defendant that form the basis of that count. The second amended complaint shall not contain references to § 1981, failure to accommodate, or retaliation based upon anything other than taking FMLA leave and complaining about the resulting retaliation unless the Plaintiff includes additional facts that support any such claims.

SO ORDERED: 8/29/16

William T Lawrence

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification